IN RE PETITION OF HARLEY J. OLDENBORG
AND OTHERS FOR IMPROVEMENT OF COUNTY
DITCH NO. 27, BLUE EARTH COUNTY, v.
SWEN L. HYLEN AND ANOTHER.

176 N. W. (2d) 78.

March 26, 1970—No. 41977.

*David R. Teigum,* for appellants.

*McLean, Peterson, Sullivan & Etzell* and *John R. Thomas,* for respondents.

Heard before Knutson, C. J., and Otis, Sheran, Peterson, and Frank T. Gallagher, JJ.

PETERSON, JUSTICE.

This is an appeal from an order of the district court confirming an order of the Board of County Commissioners, Blue Earth County, establishing an improvement of Blue Earth County Ditch No. 27 and dismissing the appeal of objectors in the proceedings.

The sole issue for decision is whether the whole of the proposed project constitutes an "improvement" of an existing drainage system within the meaning of the Drainage Code, Minn. St. c. 106. If it is an improvement, the proceedings are concededly regular in all respects, so that the order below must be affirmed; if it is not an improvement, however, the order must be reversed and the matter remanded for other proceedings in conformity with the statute.

Drainage proceedings are wholly statutory. The validity of the trial court's findings of fact and conclusions of law must accordingly be measured by the statute itself, including the following pertinent provisions:

Minn. St. 106.531. "After the construction of any county * * * ditch, no public or private ditch or ditch system, either open or tiled, *for the drainage of land not assessed for benefits for such ditch,* shall be constructed so as to use the ditch as an outlet without having first secured express authority so to do from the county board * * *. *This section shall be applicable to the construction of any ditch or drain that outlets water into an existing county * * * ditch regardless of actual physical connection.* * * * Upon the hearing the board * * * shall consider the capacity of the outlet ditch and, if consent be given to construct the ditch or ditch system, shall fix by order the terms and conditions for the use of the ditch as an outlet and shall fix the amount that shall be paid therefor. * * * The order shall also describe the property to be benefited by the ditch or ditch

system and shall fix the amount of benefits to such property for the outlet. The property so benefited shall be liable for assessments thereafter levied in such ditch system, on the basis of the benefits so found, the same as though such benefits had been determined in the original order establishing the ditch." (Italics supplied.)

Minn. St. 106.521. "* * * No lateral or lateral system[1] shall be constructed *for the drainage of lands not assessed benefits for such existing public drainage system* until express authority for the use of the existing system as an outlet for such lateral or lateral system has been granted pursuant to proceedings under Minnesota Statutes, Section 106.531."[2] (Italics supplied.)

Minn. St. 106.501. "Subdivision 1. Before any public drainage system theretofore established and constructed shall be improved by tiling, enlarging or extending, the following procedure shall be observed. [The procedure is that followed in the instant case.] * * *

\* \* \* \* \*

"Subd. 3. *The improvement contemplated by this section may include extension only downstream to a more adequate outlet,* not exceeding one mile, and the straightening, deepening, or enlarging of the original ditch system, including the construction of open ditches for relief of or in place of tile or the construction of tile in place of open ditch, *but shall not include any extension of the original ditch system,* except outlet extension." (Italics supplied.)

Minn. St. 106.011, subd. 17. " 'Ditch,' 'drainage system,' 'pub-

---

[1] Minn. St. 106.011, subd. 22, provides: " 'Lateral' or 'lateral system' means any construction either by branch, lateral or upstream extension or branches or laterals thereof required to connect lands with an established ditch."

[2] As was said in In re Petition of Lippmann, 249 Minn. 1, 11, 81 N. W. (2d) 100, 107, §§ 105.521 and 106.531 are "in effect supplementary to each other" so that they "must be construed together to effect the practical purposes for which they were enacted."

lic drainage system,' 'improvement,' or 'drainage proceeding' means either an open or tiled system and all laterals or parts thereof; also *the improvement of any natural waterway included in or utilized in the construction of any drainage system;* * * * and includes any work, excavation, structure, or improvement necessary to complete the system as adopted and ordered by the board * * *." (Italics supplied.)

The facts found by the trial court are generally uncomplicated and, with one crucial exception, are essentially undisputed. County Ditch No. 27 was originated by proceedings conducted in 1911. As originally constructed, it consisted of 2.25 miles of open ditch, with a system of tile branches outletting into a 24-inch tile at the source of the existing main open ditch. The drainage system has become inadequate for modern farm drainage needs. The watershed area is generally flat. There is insufficient fall of existing tile lines and the size of existing tile branches is inadequate. Flooding of highways and agricultural lands occurs in seasons of normal rainfall. The proposed improvement project would replace a portion of the existing tile drainage with open ditch and straighten, deepen, or enlarge the original ditch in order to increase its capacity. Most of the project relates to lands which were unmistakably included in the original drainage system and, as such, were duly assessed for benefits in the original proceedings. So far as appears from this record, the project is to that extent admittedly an improvement, which is unopposed.

The controversy centers upon the planned construction of two new branches, designated 1-A and 10, aggregating 4,850 feet in length and extending upstream from the existing drainage ditch. Two 40-acre tracts which would be served by these new branches were not assessed for any benefits in the original drainage proceedings. Objectors contend that such upstream extension from the existing drainage ditch into which it will outlet, to drain lands not assessed for benefits from construction of the existing drainage system, is not an "improvement," being plainly included

within the language of § 106.531 and excluded by the language of § 106.501, subd. 3.

The trial court nevertheless found that the addition of these disputed branches "does not constitute an extension of the original ditch system," and in its memorandum it wrote that it was not an "unlawful extension." The court's finding, as it elaborated in its memorandum, is based upon the engineer's testimony that these two branches lay within the natural watershed of County Ditch No. 27 as originally constructed—that "these branches are generally located along a natural watercourse which presently affords some limited surface water drainage, however, inadequate, to the watershed of Branch 1A and Branch 10." The fact that waters may to some extent have been drained from some lands within the general watershed into the original drainage system by way of a natural watercourse did not, without more, incorporate such lands into the drainage system within the meaning of § 106.011, subd. 17. In In re Construction of County Ditch No. 110, Renville County, 241 Minn. 180, 62 N. W. (2d) 816, two 40-acre tracts of land were traversed by a ravine, a natural waterway which was to be incorporated without improvement as an intermediate segment of the designed ditch system. It was there held that the two tracts were not to be included in the petition for establishment of the drainage system, for the reason that a natural waterway does not become part of a drainage system except "when it is *improved* and included in, or *improved* and utilized in, such project." 241 Minn. 183, 62 N. W. (2d) 819.

The statutory scheme is not crystal clear, at least in its application to drainage systems which, as here, were constructed long before the Drainage Code was comprehensively revised. The trial court reasoned as follows:

"* * * When this ditch was originally constructed in about 1911, it was customary to drain surface waters and 'marsh' areas, and the actual acreage in such marsh areas was measured and benefits only for that acreage assessed to landowners.

Modern farm drainage requires intricate tile systems for subsoil drainage, as well as surface water drainage. Thus, today's improvement of an outmoded ditch system entails increasing the capacity of the old system, as well as providing an adequate and more accessible outlet for tile subdrainage of the same lands that were within the original watershed of the ditch.

"These lands now benefited by the improvement must be assessed, even though not originally assessed. This does not mean there has been an extension of the ditch system. The same lands within the watershed are simply being provided improved and more adequate drainage for modern farming practices. The Court believes that the Legislature contemplated that from time to time it would be necessary to enlarge the capacity of existing drainage systems in order to adequately provide for drainage needs in this day and age, and that the improvement statute (M.S. 106.501) must be interpreted to meet that need."

We think the legislature has made sufficiently clear, however, that an upstream extension of the original drainage system is not a permissible enlarging of the original drainage system under the procedures of § 106.501. Unlike the trial court, we think the fact that land to be benefited by the new project was not assessed for benefits in the original project is determinative in requiring that proceedings relating to such land must be conducted under § 106.531. This may not achieve the most practical result, as the trial court notes in its memorandum, but achievement of a different result will require legislative change rather than judicial interpretation. It follows that the order from which the appeal has been taken must be reversed and the matter remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.