IN RE PETITION OF ROBERT A. SANDT AND OTHERS FOR IMPROVEMENT OF COUNTY DITCH NO. 27, BLUE EARTH COUNTY, v. SWEN L. HYLEN AND ANOTHER.

195 N. W. 2d 831.

March 3, 1972—No. 43159.

David R. Teigum, for appellants.

McLean, Peterson & Sullivan and John R. Thomas, for respondents.

Heard before Knutson, C. J., and Otis, Peterson, Kelly, and Todd, JJ.

PER CURIAM.

This is the second appeal which challenges the validity of attempts by the county board of Blue Earth County to establish the improve-

---

ment of County Ditch No. 27.[1] The issues raised are, first, whether property owners not assessed for the original construction in 1911 may now be assessed if found to be benefited; and, second, whether the engineer's fees incurred in the prior proceeding reviewed by us must be paid by these petitioners.

1. Minn. St. 106.501, subd. 2, specifically provides that in ditch improvement proceedings "[t]he benefits and damages determined shall be such as result from the improvements and subsequent assessments for the repair of the improvement shall be based on the benefits so determined." In § 106.471, subd. 7, dealing with ditch repairs, express provision is made for assessing property not assessed in the original construction.

The trial court held:

"It is true that four tracts of land are assessed in this proceeding which were not originally assessed, but these tracts are not afforded any new or additional outlet. There are no new branches extended to provide them a new outlet. The viewers have found that each of the four tracts will receive benefits from the improvement. The fact that they were not originally assessed does not invalidate this proceeding."

We concur in the court's conclusion. The four tracts thus assessed were not owned by the appellants in these proceedings, and we question their standing to advocate the cause of other property owners. In any event, if the property of either appellants or those who actually own the tracts in question has not actually received the benefits determined by the viewers, the assessments may be appealed under § 106.631.

2. Appellants complain that the petitioners in the proceedings we set aside in our former opinion have not reimbursed the county for the engineering fees there incurred. This is not a matter which is now justiciable. The complaint is premature. In due course, under § 106.621, whatever benefits accrue in these proceedings by reason of the prior survey will be applied on the cost of the improvement, and the balance, if any, will be charged against the petitioners.

Affirmed.

MR. JUSTICE MASON took no part in the consideration or decision of this case.

---

[1] See In re Petition of Oldenborg v. Hylen, 286 Minn. 413, 176 N. W. 2d 78 (1970), for a recitation of the pertinent facts.