**Charles HEITZEG, Respondent,**

v.

**TOWN OF KEISTER, Appellant.**

No. C5-84-262.

Court of Appeals of Minnesota.

Oct. 16, 1984.

Review Denied Jan. 2, 1985.

John H. Frundt, Frundt, Frundt & Johnson, Blue Earth, for respondent.

James E. Broberg, Christian, Slen, Savelkoul, Johnson, Broberg & Kohl, Albert Lea, for appellant.

Heard, considered, and decided by SEDG-WICK, P.J., and NIERENGARTEN and RANDALL, JJ.

## OPINION

RANDALL, Judge.

This is a nuisance action brought against the town of Kiester by a farmer, Charles Heitzeg, who alleges that the town's failure to install a culvert under the township road which bisected his land created a nuisance. In answer to a special interrogatory, the jury found that the town's failure to install a culvert created a nuisance, and awarded Heitzeg $6,000.00 in damages. In addition, the court on its own motion ordered the town to install a culvert. After its motion for judgment n.o.v. or for a new trial was denied, the town appealed. We reverse.

## FACTS

Heitzeg owns land on both the north and south of an east-west township road built around 1911–1915. The road lies over some tiling that had been constructed as a part of the county ditch system. The tiling extends across Heitzeg's land and diagonally to empty into County Ditch 64, an open ditch.

For the past few years, beginning in 1976, the land on the south side of the road has been flooded out following heavy rains, which has resulted in an almost complete crop loss for that section each year. There was some testimony that the flooding was a new phenomenon, caused by increased flow into the county ditch, which in turn was caused by the addition, over the years, of private tiling systems connecting with the county ditch. There was other testimony, however, bolstered by a 1920 map placed in evidence, that the area to the south of the road is a natural basin which has always, in wet seasons, been a swampy area, and that since Heitzeg did not attempt to raise cultivated crops there until 1975, the flooding never bothered him before.

In 1976, and each year thereafter, Heitzeg requested the town board to put a culvert under the east-west road. Each time the town refused, even when Heitzeg offered to pay for the culvert himself. The reasons given for the refusal were that (1) since the land to the north of the road was higher than that to the south, a culvert would not alleviate the flooding problem; (2) the drainage ditch Heitzeg planned to dig to channel the waters from the culvert would exacerbate flooding problems already evident along a north-south town road near Heitzeg's northern boundary line and even further north, exposing the town to liability for damage to other property; and (3) the land to the south of the road had always been a ponding area, and Heitzeg's remedy was to install additional private tiling for drainage. The town board did suggest that Heitzeg work with the County Board, under whose authority the county ditch system fell. As a result, additional intakes—one on the north side of the road and one on the south side—were placed in the county tile system on Heitzeg's property. According to Heitzeg, those intakes were insufficient to take care of an "extra heavy rain," since the county tiling system was already full and could not take any more water.

When the new intakes did not alleviate the flooding, Heitzeg instituted this action, claiming that the town's failure to install a culvert created a nuisance.

## ISSUE

Was a nuisance action against the township the proper avenue for Heitzeg to pursue in order to obtain relief from the flooding of his land?

## ANALYSIS

■ Minn.Stat. § 561.01 (1982) defines nuisance as "[a]nything which is * * * an obstruction to the free use of property, so as to interfere with the comfortable enjoyment of life or property * * *." The jury in this case found that the town's *inaction* created a nuisance which deprived Heitzeg of the use and enjoyment of his property.

There was, however, no testimony to support a finding that the town had caused the flooding. We find no authority to make the town liable for failing to abate a nuisance which it had no part in creating and which is not on its property, where abating it would expose the town to liability to downstream landowners. The flooding of Heitzeg's property cannot legally be deemed a nuisance created by the town of Keister. On these facts, the town cannot be held liable on a nuisance theory for respondent's damage.

■ Further, since this action involves drainage, Heitzeg's exclusive remedy lies in an action commenced under Chapter 106 of the Minnesota Statute. Minn.Stat. § 106.011, subd. 17 (1983) defines "ditch," "drainage system" or "drainage proceeding" as either an open or tiled system, including all laterals or parts thereof. "Lateral" or "lateral system" means any construction, either by branch, lateral, or upstream extension, or branches or laterals thereof, "required to connect lands with an established ditch." Minn.Stat. § 106.011, subd. 22. Heitzeg alleges that the county tiling system, including the new intakes installed at his request, is insufficient to properly drain his land. His plan, once a culvert under the road is installed, is to dig a channel to the north to carry the water to County Ditch $64. What Heitzeg is really seeking through this action is an improvement of the county ditch system. He must, therefore, proceed under Minn.Stat. § 106.-501 or 106.511.

There was evidence introduced at trial showing a possibility of harm to farms lying north of Heitzeg's land should the culvert be put in. Even Heitzeg's expert testified that he did not know what effect the culvert would have on other farms and that further studies would have to be done. Nonetheless, the court ordered the culvert installed. It is for this reason, that changing or adding to any single drainage system can have widespread effects, that Minn.Stat. § 106.501 (and other sections in that chapter) provide for notice to other affected landowners before improvements may be undertaken. In addition, Minn. Stat. § 106.671 provides that the authority having jurisdiction over any proceeding for the construction or improvement of a drainage system shall

> * * * determine whether or not the project will be in furtherance of present or future public utility, benefit, or welfare, shall give due consideration to conservation of soil, water, forests, wild animals, and related natural resources, and to other public interests affected.

Only through proceedings under Chapter 106 can the interests of all persons affected by the improvement of drainage systems be protected. *See Oldenborg v. Hylen,* 286 Minn. 413, 176 N.W.2d 78 (1970); *Johnson v. Steele County,* 240 Minn. 154, 60 N.W.2d 32 (1953).

Further, it is arguable that the town board is without authority to construct a culvert under a town road for the purpose of draining Heitzeg's land. Not only would such action by the town expose it to liability for damages to land downstream from the culvert, but such action could violate the prohibition against expending public funds for private purposes. *See Op.Atty. Gen.,* 377–A–3, July 8, 1947; *Op.Atty.Gen.,* 602–E, May 19, 1952.

## DECISION

Heitzeg's exclusive remedy lies in proceedings under Minnesota Statutes Chapter 106. On these facts, the town could not be held liable for creating a nuisance.

Reversed.